```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
                                 :
UNITED STATES OF AMERICA         :    INDICTMENT
                                 :
        - v. -                   :    21 Cr.
                                 :
CHRISTIAN ROSA WEINBERGER,       :
   a/k/a "Christian Rosa,"       :
                                 :    21 CRIM 624
        Defendant.               :
                                 :
- - - - - - - - - - - - - - - - X
```

COUNT ONE

(Wire Fraud Conspiracy)

The Grand Jury charges:

**The Scheme to Sell Forged Raymond Pettibon Artworks**

1. At all times relevant to this Indictment, CHRISTIAN ROSA WEINBERGER, a/k/a "Christian Rosa," the defendant, was a contemporary visual artist based primarily in Los Angeles, California, and Vienna, Austria.

2. At all times relevant to this Indictment, Raymond Pettibon (hereinafter, "Pettibon"), was a prominent contemporary artist based primarily in New York, New York. Pettibon has produced a series of paintings depicting ocean waves with surfers accompanied by handwritten text (the "Wave Series").

3. From in or about 2017 up to and including in or about 2020, CHRISTIAN ROSA WEINBERGER, a/k/a "Christian Rosa," the defendant, and others known and unknown, engaged in a scheme to

defraud potential art buyers by selling forged Pettibon paintings. As part of that scheme, in or about 2018 and in or about 2020, WEINBERGER sold the following artworks, described and depicted below, which WEINBERGER falsely represented to be authentic Pettibon "Wave Series" paintings, to two buyers ("Buyer-1" and "Buyer-2"):

    a.    *Untitled ("It was the Moment . . . ")*, 2013, 100 cm by 155 cm:



    b.    *Untitled ("Drop in . . .")*, 2011, 80 cm by 60 cm:



c.  *Untitled ("Bail, or bail out . . .")*, 2012, 115 cm by 163 cm:



d.  *Untitled ("If there is a line . . .")*, 2016, 118.1 by 208.3 cm:



4.  In or about 2018, Buyer-1 helped CHRISTIAN ROSA WEINBERGER, a/k/a "Christian Rosa," the defendant, arrange the sale of the first two paintings listed in paragraph 3 of this Indictment to Buyer-2. In exchange for Buyer-1's help, WEINBERGER gave Buyer-1 the following "Wave Series" painting, also supposedly by Pettibon: *Untitled ("I Keep Pouring . . .")*,

3

1997, 110 cm by 90 cm, image below:



5. In or about 2020, after trying again to help CHRISTIAN ROSA WEINBERGER, a/k/a "Christian Rosa," the defendant, sell additional Pettibon paintings, Buyer-1 purchased the second two paintings listed in paragraph 3 of the Indictment from WEINBERGER. As part of the purchase of Untitled ("If there is a line . . . "), wire transfers from Buyer-1 to WEINBERGER traveled through the Southern District of New York.

6. In connection with the sale or transfer of the paintings listed in paragraphs 3 and 4 of this Indictment, CHRISTIAN ROSA WEINBERGER, a/k/a "Christian Rosa," the defendant, provided purported certificates of authenticity for each of the paintings described in paragraphs 3 and 4. The purported certificates of authenticity contained an image of the particular painting, and were purportedly signed by Pettibon.

4

In fact, these purported certificates of authenticity were fake, and Pettibon's signatures were forged.

    7.    In or about December 2019, around the same time that CHRISTIAN ROSA WEINBERGER, a/k/a "Christian Rosa," the defendant, was discussing the sale of certain Pettibon paintings with Buyer-1, WEINBERGER exchanged emails with a friend of WEINBERGER's ("Co-conspirator-1") about trying to find a buyer for certain unnamed paintings. In one of the emails, WEINBERGER told Co-conspirator-1 that "they're asking about the certificates, how we're getting them."[1] Co-conspirator-1 asked WEINBERGER, in substance and in part, why the sales were taking so long. WEINBERGER responded explaining that he wanted to find a buyer who would agree not to resell the works at auction, and wrote in English that "I am not trying to get busted so that's why it's takeing[sic] longer."

    8.    In or about 2020, CHRISTIAN ROSA WEINBERGER, a/k/a "Christian Rosa," the defendant, used the proceeds from the sale to Buyer-1 of *Untitled ("Bail, or bail out . . .")*, and *Untitled ("If there is a line . . .")* to make the down payment and subsequent mortgage payments on a residence in California.

---

[1] Email communications between WEINBERGER and Co-conspirator-1 were generally in German. Email communications cited in the Indictment have been translated into English by an FBI translator, and draft translations are summarized or quoted in the Indictment.

9.  On or about January 29, 2021, an online news source published an article reporting accusations that CHRISTIAN ROSA WEINBERGER, a/k/a "Christian Rosa," the defendant, had forged *Untitled ("If there is a line . . .")*, one of the "Wave Series" paintings originally purchased by Buyer-1, which was later placed for sale by a subsequent purchaser at a New York auction house. On or about January 30, 2021, the day after the article was published, WEINBERGER emailed Co-conspirator-1 that "[t]he secret is out." On or about January 31, 2021, WEINBERGER drafted an email to Pettibon, in which he stated that the painting featured in the article "is a overpainted print made from [Co-Conspirator-1] a friend from Austria[.]" Less than a month later, WEINBERGER left the United States. A few months later, WEINBERGER sold the California residence and attempted to transfer the funds abroad.

### Statutory Allegations

10.  From at least in or about 2017 up to and including in or about 2020, in the Southern District of New York and elsewhere, CHRISTIAN ROSA WEINBERGER, a/k/a "Christian Rosa," the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

11.  It was a part and an object of the conspiracy that CHRISTIAN ROSA WEINBERGER, a/k/a "Christian Rosa," the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code Section 1343, to wit, WEINBERGER, together with others known and unknown, in part through the use of email and cellphone communications and interstate wires of funds, engaged in a scheme to sell and gift forged artworks by the artist Raymond Pettibon, and provided fake certificates of authenticity with the name and purported signature of Pettibon in furtherance of that scheme.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

### (Wire Fraud)

The Grand Jury further charges:

12. The allegations set forth in paragraphs 1 through 9 of this Indictment are repeated, realleged, and incorporated by reference as if fully set forth herein.

13. From at least in or about 2017 up to and including in or about 2020, in the Southern District of New York and elsewhere, CHRISTIAN ROSA WEINBERGER, a/k/a "Christian Rosa," the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, WEINBERGER, in part through the use of email and cellphone communications and interstate wires of funds, engaged in a scheme to sell and gift forged artworks by the artist Raymond Pettibon, and provided fake certificates of authenticity with the name and purported signature of Pettibon in furtherance of that scheme.

(Title 18, United States Code, Sections 1343 and 2.)

y
z
w

## COUNT THREE
### (Aggravated Identity Theft)

The Grand Jury further charges:

14. The allegations set forth in paragraphs 1 through 9 of this Indictment are repeated, realleged, and incorporated by reference as if fully set forth herein.

15. From at least in or about 2017 through in or about 2020, in the Southern District of New York and elsewhere, CHRISTIAN ROSA WEINBERGER, a/k/a "Christian Rosa," knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, WEINBERGER used, and aided and abetted the use of, the name and signature of the artist Raymond Pettibon in creating the fake certificates of authenticity used in connection with the wire fraud offenses alleged in Counts One and Two of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(c)(5), and 2.)

### FORFEITURE ALLEGATION

16. As a result of committing the offenses alleged in Counts One and Two of this Indictment, CHRISTIAN ROSA WEINBERGER, a/k/a "Christian Rosa," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code,

Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses, and the following specific property:

> a. $399,109.93 previously held in escrow by Escrow Showcase, Inc., Escrow file number 4507-HA, from the sale of 2635 Anna St., Riverside, California 92506, including accrued interest, and currently in the custody of the FBI.

### Substitute Asset Provision

17. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third person;
>
> c. has been placed beyond the jurisdiction of the Court;
>
> d. has been substantially diminished in value; or
>
> e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property

of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 982, 1029;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)


_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney

11

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

CHRISTIAN ROSA WEINBERGER, a/k/a
"Christian Rosa,"

Defendant.

---

INDICTMENT

21 Cr.

(18 U.S.C. §§ 1349, 1343, 1028A, and 2.)

DAMIAN WILLIAMS
United States Attorney

*[signature]*
Foreperson

---

10/13/2021    INDICTMENT FILED
RS            WHEEL B — AJ CARTER
              SARAH NETBURN, US MJ